IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **DIANNA M. CERVANTEZ,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:14-cv-0008-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court is Dianna M. Cervantez's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff previously applied for SSI, alleging disability beginning on September 30, 2005.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On June 15, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on September

---

[1] *See* docket no. 10, Administrative Record ("Tr. ____") 13, 148-51.

[2] *See* Tr. 78, 81.

[3] *See* Tr. 96-98.

5, 2012.[4]  On September 27, 2012, the ALJ issued a written decision denying Plaintiff's claim for SSI.[5]  On November 25, 2013, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On February 3, 2014, Plaintiff filed her complaint in this case, which was assigned to Chief District Judge David Nuffer.[7]  On February 4, 2014, Chief Judge Nuffer referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[8]  *See* 28 U.S.C. § 636(b)(1)(B).  The Commissioner filed her answer and the administrative record on April 7, 2014.[9]  On July 8, 2014, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[10]  Consequently, this case was reassigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[4] *See* Tr. 31-77.

[5] *See* Tr. 10-30.

[6] *See* Tr. 1-6.

[7] *See* docket no. 3.

[8] *See* docket no. 5.

[9] *See* docket nos. 8, 10.

[10] *See* docket no. 18.

[11] *See id*.

Plaintiff filed her opening brief on August 1, 2014.[12]  The Commissioner filed her answer brief on September 15, 2014.[13]  Plaintiff filed her reply brief on October 1, 2014.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of

---

[12] *See* docket no. 19.

[13] *See* docket no. 20.

[14] *See* docket no. 21.

the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work."  20 C.F.R. § 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not disabled."  *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R.

§ 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in his assessment of the opinions of Melanie Hughes ("Ms. Hughes"), (2) in his evaluation of Plaintiff's credibility, and (3) at step five of the sequential evaluation process.  The court will address those arguments in turn.

### I.  Ms. Hughes

Plaintiff first argues that the ALJ erred in his evaluation of the opinions of Ms. Hughes, who is a nurse practitioner.  As a nurse practitioner, Ms. Hughes is considered an "other source." *See* Social Security Ruling ("SSR") 06-03p.  Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions "other sources." *See id.*; *see also* 20 C.F.R. § 416.927(c).  However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an "other source." *See* SSR 06-03p.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927].  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").  As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies  *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case, the ALJ considered proper factors in determining that opinions of Ms. Hughes were entitled to reduced weight.  The ALJ relied upon the fact that the opinions of Ms.

6

Hughes were unsupported other evidence in the record.  *See* 20 C.F.R. § 416.927(c)(3).  The ALJ also considered the fact that the opinions of Ms. Hughes were inconsistent with the relatively benign physical examination results and the great weight of other evidence in the record.  *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  Finally, the ALJ properly cited to the fact that Ms. Hughes was not a treating source and was not an acceptable medical source.  *See* SSR 06-03p.

Much of Plaintiff's argument on this point is directed at rearguing the weight of the evidence before the ALJ.  The court notes that such a tactic is futile on appeal.  *See Madrid*, 447 F.3d at 790.  Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies.  *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.  We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)).

Finally, to the extent that Plaintiff challenges that ALJ's treatment of other medical opinions for the first time in her reply brief, the court will not consider those challenges.  *See, e.g., Madron v. Astrue*, 311 Fed. App'x 170, 174 n.4 (10th Cir. 2009) (noting that a party's failure to raise an issue in an opening brief results in waiver of that issue); *see also Anderson v. United*

*States Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

Based on the foregoing, the court concludes that the ALJ did not err in his evaluation of the opinions of Ms. Hughes.

## II.  Credibility

Plaintiff next argues that the ALJ erred in his credibility assessment.  In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted).  Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id.* (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

SSR 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain.  *See* SSR 96-7p.  In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ relied upon proper factors to support his determination that Plaintiff's statements about her alleged impairments and limitations were not fully credible. The ALJ properly relied upon the fact that the medical record contradicted Plaintiff's complaints concerning her physical and mental disabilities. *See* 20 C.F.R. § 416.929(c)(4); SSR 96-7p; *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical evidence" when assessing credibility). The ALJ also properly considered Plaintiff's daily activities in reaching the credibility determination in this case. *See* 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p.

As with her previous argument, Plaintiff reargues the weight of the evidence before the ALJ on this issue. The court again notes that such a tactic must fail on appeal. *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

### III. Step Five

Finally, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by concluding that there were jobs in significant numbers in the national economy that Plaintiff could perform. Plaintiff first contends that the ALJ should have included more limitations in Plaintiff's RFC and in the hypothetical provided to the vocational expert ("VE"). However, Plaintiff has not demonstrated any error in the ALJ's RFC assessment or in the hypothetical the ALJ provided to the VE. Instead, Plaintiff merely points to selective portions of the record that support her argument that she had more limitations that those identified by the ALJ. Again, that is an argument directed at the weight of the evidence, which this court will not consider on appeal. *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. In this case, the ALJ included all of the limitations contained in the final RFC determination in the hypothetical provided to the VE. Accordingly, there was no error. *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

Plaintiff's second argument on this point is that the ALJ erred in determining that the identified jobs existed in significant numbers in the national economy. In support of her argument, Plaintiff relies upon *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). Plaintiff reliance on that case is misplaced. As the Tenth Circuit as noted, "[in] *Trimiar* the focus was on jobs in the regional economy because the [VE] in that case testified *only* to the number of available jobs in the *regional* economy." *Raymond v. Astrue*, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009). "The court in *Trimiar* indicated that the relevant test is *either* jobs in the regional

economy *or* jobs in the national economy." *Id*. In this case, the VE did not testify to and the ALJ did not ultimately identify jobs that existed only in the regional economy. To the contrary, the VE and the ALJ both identified jobs that existed in the national economy. In any event, as noted by the Commissioner, the number of jobs identified by the VE and the ALJ, even when reduced in number for Plaintiff's limitations, were significant in number (20,000 cutter-paster jobs; 24,000 touch-up screener jobs; 40,000 office helper jobs; and 12,500 inspector and hand packager jobs).

For those reasons, the court concludes that Plaintiff's step five argument is without merit.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 6th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge